CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 6 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROBIN COLLINS, | Civil Action No. 3:16CV00040 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Robin Collins, was born on March 28, 1992, and eventually completed her high school education. Ms. Collins also completed additional training as a nurse's assistant. She has been employed as a nurse's assistant, restaurant worker, and bus girl. She last worked on a regular and sustained basis in 2012. On July 16, 2012, plaintiff filed an application for supplemental security income benefits. Ms. Collins alleged that she became disabled for all

forms of substantial gainful employment on April 1, 2012, due to juvenile rheumatoid arthritis. (TR 211). She now maintains that she has remained disabled to the present time.

Ms. Collins' claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 16, 2015, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Collins suffers from osteoarthrosis, (TR 25). Because of this condition, the Law Judge ruled that plaintiff is disabled for her past relevant work activity. (TR 31). However, the Law Judge determined that Ms. Collins retains sufficient functional capacity for a limited range of light work activity. (TR 27). The Law Judge assessed Ms. Collins' residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can stand and/or walk for four hours in an eight-hour workday; can sit for four hours in an eight-hour workday; can occasionally push/pull with her left arm and leg; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, kneel, crouch, and crawl; can frequently stoop; should avoid concentrated exposure to extreme cold and heat, vibrations, fumes, odors, dusts, gases, and poor ventilation; and should avoid hazards, including machinery and heights.

(TR 27). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Ms. Collins retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. (TR 32-33). Accordingly, the Law Judge ultimately concluded that Ms. Collins is not disabled, and that she is not entitled to a period of disability or supplemental security income benefits. (TR 33). See gen., 20 C.F.R. §§ 416.920(g). The Law Judge's opinion was adopted as the final decision of

2

the Commissioner by the Social Security Administration's Appeals Council. (TR 1-4). Having exhausted all available administrative remedies, Ms. Collins has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. While the Law Judge characterized plaintiff's severe impairment as osteoarthrosis, there is no question but that Ms. Collins suffers from juvenile onset rheumatoid arthritis with hidradenitis suppurativa. She also experiences depression and anxiety.[1] In concluding that plaintiff retains sufficient physical capacity for a limited range of light work activity, the Law Judge relied primarily on reports from nonexamining state agency physicians, and a disability evaluation from a physical therapist and occupational therapist. However, the medical record includes reports from three medical specialists who actually examined Ms. Collins, including Dr. Om Samantray, Dr. William C.

---

[1] While the Law Judge ruled that plaintiff's emotional problems are not severe, Ms. Collins argues on appeal that the record clearly establishes that her depression and anxiety affect her capacity for work activity. Inasmuch as the court believes that plaintiff has established that her physical problems render her disabled for all sustained work activity, the court finds it unnecessary to consider the interplay of Ms. Collins' emotional difficulties.

Andrews, and Dr. Gregory Pudhorodsky. All three specialists determined that plaintiff is severely impaired, and unable to engage in regular work activity on a sustained basis. Given the administrative regulations, as well as the governing caselaw, the court is unable to conclude that the Law Judge's reliance on nonexamining medical sources, and the non-medical sources, is supported by substantial evidence. Based on the reports from the three medical specialists who actually examined Ms. Collins, the court is constrained to conclude that plaintiff has met the burden of proof in establishing that she is totally disabled for all forms of substantial gainful employment.

Dr. Om Samantray examined Ms. Collins on June 29, 2013, at the behest of the state disability agency. Dr. Samantray reported that plaintiff carries a history of juvenile rheumatoid arthritis associated with left hip pain for many years, and that she has been taking steroids for treatment of her condition. (TR 416). Dr. Samantray listed his impression and functional assessment as follows:

> IMPRESSION:
>
> 1. Juvenile rheumatoid arthritis resolving and hip degeneration, left-sided with pain association in the lumbar region, and also right wrist pain. Patient's prognosis likely weakness secondary to pain on the left side. Credibility is good.
>
> FUNCTIONAL ASSESSMENT:
>
> The number of hours the claimant can stand in an eight-hour workday is less than two hours. The number of hours the claimant can walk in an eight-hour workday is about two hours. The number of hours the claimant can sit is about 2 hours. The amount of weight the claimant can carry is 20 pounds.

(TR 418).

4

Dr. Gregory Pudhorodsky is a board certified internist and board certified rheumatologist at the University of Virginia Medical Center. Dr. Pudhorodsky saw Ms. Collins on several occasions beginning in 2014, at the request of another rheumatologist. On July 21, 2014, Dr. Pudhorodsky summarized plaintiff's history as follows:

> She continues to have a number of musculoskeletal symptoms. The hip is a major problem as it was the last time though it was not brought up spontaneously by her. The right wrist as she is right hand dominant is disabling. She is wearing a brace fairly constantly but having problems with functionality particularly in parenting her toddler daughter. She also feels that she has lost full extension a left elbow particularly in the morning but it works out somewhat as the day goes on and she also has pain on the medial aspect of the knee. She has not noticed any swelling and the pain is with walking. Her stiffness lasting good portion of the morning.
>
> She has not had any tapering of her corticosteroids which remained at 10 milligrams twice a day. She takes this in conjunction with Celebrex 200 milligrams twice a day. Generally tolerating the drugs though she is showing some cushingoid features the area. No hyperglycemic symptomatology by history.
>
> She did not find the gabapentin helpful cold and in addition at 200 milligrams made her feel "strange" the following day
>
> Began at five with ankle involvement and subsequent somewhat asymmetric, predominately left side involvement of knees, hip and wrists. Followed by Dr. Frank Saulsbury of pediatric rheumatology at UVA and has been on a gamut of agents including MTX, azathioprine, enbrel and most recently Humira which was discontinued after episode of septic shock in April in MJH. Has been followed in adult rheumatology by Dr. Janet Lewis for about three years.
>
> Labs as noted below with normal APR, two months off Humira after episode of sepsis.

(TR 833). Following a visit with plaintiff on September 8, 2014, Dr. Pudhorodsky referred Ms. Collins to the orthopaedic surgery unit at the University of Virginia Medical Center, for consideration of a left hip replacement. (TR 840).

5

Dr. Pudhorodsky completed an arthritis medical source statement on September 9, 2014. Dr. Pudhorodsky confirmed that plaintiff's physical condition causes an "emotional component." (TR 688). He described the pain in Ms. Collins' left hip as "significant." (TR 688). The rheumatologist opined that plaintiff would be unable to sit for more than an hour at a time, and that she would be unable to stand for more than about 15 minutes. (TR 689). He noted that she would be "off task" for about 20% of an average work day, and that she was capable of no more than low stress work. (TR 691).

Dr. William C. Andrews, Jr., an orthopaedic surgeon, completed an independent medical evaluation on November 5, 2014. Dr. Andrews listed his physical findings as follows:

> On physical examination, she has severe limitation of motion in her left hip and is externally rotated about 20 degrees. She has a poor arc of motion and significant pain with motion. Her right hip internally rotates to 0 and has pain at the end point.
>
> She has a normal examination of her cervical and thoracic spine.
>
> She abducts and forward flexes to 110 degrees with the right shoulder and 130 degrees with the left. She has pain with extremes of motion.
>
> She has pain in her low back with limited flexion and extension. Negative straight leg raise.
>
> In her left knee, she has retropatellar crepitance, but no significant deformity.
>
> She has a normal neurologic and vascular examination.
>
> Her right wrist she palmar flexes to 10 degrees and dorsiflexes to 0 degrees. She has poor supination and pronation and very weak grip strength. Her left elbow, as noted above, has moderate limitation of motion and she has significant weakness. She has difficulty getting her left hand over head because of a combination of shoulder elbow limitation of motion.
>
> Her gait is awkward with lack of rotation of her hips and then she walks in a very halting, slow gait pattern.

(TR 711). Dr. Andrews submitted the following overall assessment:

> Ms. Collins has severe multi-articular rheumatoid arthritis. She is totally incapable of doing work even in a sedentary level. The reasons for this are the following:
>
> 1. She cannot sit for more than 30 to 40 minutes at a time without pain. She does have degenerative disc disease in her lumbar spine secondary to her rheumatoid arthritis and significant strain on her back because of her very poor motion in both hips. She cannot walk for more than 30 minutes at a time or stand for more than 30 minutes at a time because of her severe limitation of motion of her hips, significant pain with her hips and limitation of motion in terms of her knee on the left.
>
> [2]. She has poor ability to get her left hand where she needs it in a space because of poor motion of the left shoulder and elbow. She has even poorer limitation on the right with her severe limitation of motion in the wrist causing her limitations with supination and pronation and dorsiflexion and palmar flexion.
>
> The combination would make her incapable of working in any sedentary job where she had to sit for longer than 45 minutes at a time, but also where she had to use her hands for repetitive motion.
>
> Her hip and knee and back problems preclude her from working in any job that requires standing, walking, carrying, lifting, stooping or bending.
>
> In essence there is no capacity that I could envision her being capable of working with the severe limitations that she has and based on these her situation will only worsen her capacity for work and independence in activities of daily living will decrease. She has already been to Charlottesville to talk about total hip replacement and there is certainly the possibility that she will need a total hip at a very young age.

(TR 711-712).

The court reads the reports of Dr. Samantray, Dr. Pudhorodsky, and Dr. Andrews to indicate that Ms. Collins is simply unable to perform any work role on a regular and sustained basis. All three medical specialists personally examined Ms. Collins in conducting their evaluations. Each physician noted physical manifestations supportive of a finding of disabling

7

physical limitation. Both Dr. Pudhorodsky and Dr. Andrews reported that Ms. Collins was being evaluated for a total left hip replacement. In short, in the court's view, the overwhelming weight of the medical evidence supports the notion that plaintiff's rheumatoid arthritis has now progressed to a disabling level of severity.

As noted above, in finding residual functional capacity for certain light work roles, the Administrative Law Judge relied on reports from two nonexamining state agency physicians, as well as a functional capacities evaluation completed jointly by a physical therapist and an occupational therapist. Dr. Joseph Duckwall and Dr. William Amos conducted record reviews on behalf of the state disability agency. Both physicians opined that plaintiff retains sufficient functional capacity for light exertion. However, the court notes that both physicians conducted their record reviews before receipt of the medical source statement from Dr. Pudhorodsky, the board certified rheumatologist, and the medical evaluation of Dr. Andrews, the orthopaedic surgeon. As for the functional capacity evaluation, the court again notes that the study was not performed by a medical source, nor were the results validated by the treating rheumatologist, who commissioned the evaluation.

While the Administrative Law Judge determined to give "great weight" to the functional capacities evaluation (TR 29), the court is simply unable to conclude that such an evaluation by non-medical sources is entitled to controlling weight. It is well settled that, while not controlling or binding upon the Commissioner, the reports and opinions from treating and examining physicians should be accorded greater weight in a disability evaluation than those of non-examining physicians, unless the treating physicians' reports are bereft of any additional supporting evidence. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005); Hunter v. Sullivan,

8

993 F.2d 31, 35 (4th Cir. 1992); Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir. 1986). The same principal is embodied in the governing administrative regulations. Under 20 C.F.R. § 416.927 (d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. § 416.927(d)(2) directs that, generally, more weight should be given to opinions from a treating source, since such a professional is more likely to provide a detailed, longitudinal picture of the claimant's medical impairments and limitations. Finally, under 20 C.F.R. § 416.927(d)(5), it is noted that more weight is properly accorded to the opinion of a specialist about medical issues related to the area of speciality.

In the instant case, of all the physicians who have rendered opinions, it would seem that only Dr. Pudhorodsky has treated Ms. Collins on more than one occasion. Dr. Pudhorodsky is a board certified rheumatologist. His assessments find support in the evaluations of Dr. Samantray and Dr. Andrews. Dr. Samantray examined Ms. Collins at the behest of the state disability agency. All three physicians submitted physical assessments which indicate that Ms. Collins is currently unable to work on a regular and sustained basis, without taking unscheduled breaks. The vocational expert testified to the effect that the need to take extra breaks would preclude regular employment. (TR 71-72). Thus, the court concludes that Ms. Collins has met the burden in establishing disability for all forms of substantial gainful employment, as alleged in her application for supplemental security income benefits.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and

9

pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. A Judgment and Order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 26th day of January, 2017.

/s/ Glen Conrad
Chief United States District Judge